AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**DISTRICT OF** Massachusetts

UNITED STATES OF AMERICA

V.

Francisco Torres
116 Rowland Street, Springfield

**CRIMINAL COMPLAINT**

CASE NUMBER: 04mj646

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __February 18, 2004__ in __Hampden__ county, in the __Springfield__ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense)

(1) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance; (2) distribute a controlled substance within 1000 feet of a school; and (3) possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce

in violation of Title __21 and 18__ United States Code, Section(s) __841, 860 and 922(k)__.

I further state that I am a(n) __Special Agent of the ATF__ and that this complaint is based on the following
Official Title

facts:

Please see attached affidavit.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__May 6, 2004__   at   Springfield, Massachusetts
Date                                                    City and State

Kenneth P. Neiman, U.S. Magistrate Judge              _____
Name & Title of Judicial Officer                      Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## Affidavit of Special Agent James P. Martin

I, James P. Martin, being duly sworn, do hereby depose and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and have been so employed since May 1999. Previously, I was employed as a Police Officer with the Town of Bellingham Massachusetts for approximately five years. I am responsible for investigating and enforcing the federal firearms laws relating to Title 18 United States Code, to include offenses within the Gun Control Act (GTA) of 1968 and the National Firearms Act (NFA). I attended the Criminal Investigator Training Program, at the Federal Law Enforcement Training Center (FLETC), where I received training and instruction as Special Agent, including firearms training, the execution of search and arrest warrants, investigative techniques, and legal instruction, which covered Fourth Amendment searches and seizures. I have attended specialized training known as New Professional Training ("NPT") through ATF, at FLETC, where I received instruction in firearms technology and identification, firearms trafficking, explosives, and arson. I have received training by the DEA in narcotics investigations. During my career as a Special Agent, I have participated in the execution of

-1-

numerous arrest warrants and search warrants relating to firearms and narcotic offenses.

2. This affidavit does not contain all the information I possess about this investigation, but is submitted only as a basis for probable cause to believe that Francisco Torres did (1) unlawfully possess a firearm with an obliterated serial number in violation of Title 18, United States Code, Section 922(k); (2) unlawfully distribute a controlled substance in violation of Title 21, United States Code, Section 841; (3) and, unlawfully distribute a controlled substance within 1000 feet of a school in violation of Title 21, United States Code, Section 860.

3. The information contained in this affidavit is based on my personal involvement in this investigation, my training and experience, my review of documents, surveillances, and information provided to me by other law enforcement officers.

4. In January 2004 an ATF Confidential Informant herein referred to as "CI", did go to a residence located at 116 Rowland Street, in Springfield, MA. According to the "CI", a person known as "Cisco" and two unidentified Hispanic males live in, and sell cocaine and ecstasy (MDMA) from that address. The "CI" reported that he/she observed substances that appeared to be 300 ecstasy

tablets and small amounts of cocaine. The "CI" reports that Cisco and the other two subjects have asked he/she to sell their illegal narcotics in the Springfield, MA area. The "CI" reported that he/she observed five handguns and a short-barreled shotgun inside the apartment. This "CI" is deemed reliable because the "CI" is in a position to know such information and much of the "CI's" information has been corroborated by independent ATF and DEA investigations. According to DEA Special Agent Shankweiler this "CI" has made numerous controlled buys of narcotics, which have led to at least three individuals being convicted for narcotics violations.

5.  DEA SA John Barron checked the mail box at 116 Rowland Street and discovered that the names listed were Francisco Torres, Walberto Morales, DOB: 11/26/1975. A picture of Francisco Torres was shown to the "CI", the "CI" then identified Cisco as Francisco Torres, date of birth: 8/7/1982. The "CI" also identified the two other individuals who were in the apartment as Walberto Morales and Miguel Rosa (05/20/1982).

6.  I conducted a firearms license query with the Springfield police which indicated neither Francisco Torres (8/7/1982), Walberto Morales (11/26/1975) or Miguel A. Rosa (05/20/1982) have

been issued permits and/or licenses to carry or possess firearms within the Commonwealth of Massachusetts.

7. On February 4, 2004, the "CI" involved in this matter went to 116 Rowland Street, first floor right apartment and conducted a controlled buy of approximately one gram of powder cocaine and 2 tablets of ecstasy from Francisco Torres. Specifically, the "CI" and his/her motor vehicle were searched - with negative results - before the transaction. The "CI" was then provided with previously recorded U.S. Currency. Agents then followed the "CI" to 116 Rowland Street. At 116 Rowland Street, the "CI" met with Torres and exchanged U.S. currency for the cocaine and ecstasy. This exchange took place within 1000 feet of the German Gerena Elementary School (a Springfield public school located at 200 Birnie Avenue). After the transaction, I, and other agents, recovered what appeared to be controlled substances from the "CI" and then we debriefed the "CI." He/She confirmed that he/she exchanged the U.S. currency with Torres for the controlled substances. A Drug Enforcement Agency laboratory reported that the powder tested positive for cocaine hydrochloride and caffeine, and the two tablets of ecstasy tested positive for MDMA (methylenedioxy-meth-amphetamine).

8. On/about February 18, 2004, the "CI" met Torres at 116 Rowland Street. The "CI" then had a conversation (which was electronically monitored by agents) with Torres, while they were inside Torres's apartment, regarding a previously negotiated deal involving the "CI" providing Torres percocets and/or Oxycotin in exchange for a firearm. During this meeting Torres asked the "CI" about the Percocets and Oxycotin pills. The "CI" indicated his source was having difficulties in obtaining the pills. The "CI" then purchased a Jennings, semi-automatic, model J-22, .22-caliber pistol with an obliterated serial number from Torres. Initially, the deal was negotiated in the kitchen of the residence. Then Torres was observed by surveillance teams walking out to the "CI's" vehicle where the deal was completed, and the "CI" paid $400.00 of pre-recorded money for the firearm. Torres told the "CI" that he [Torres] had removed the serial numbers on the firearm. Torres further stated that he would retain the magazine and ammunition for the firearm until the "CI" produced the percocets and/or Oxycotin as previously negotiated. After the transaction was completed, I and other agents recovered the firearm (described above) from the "CI" and debriefed him/her. The "CI" confirmed that he/she had received the firearm from Torres in exchange for the previously recorded U.S Currency. Upon inspection of the firearm, I was able to confirm that the

firearms' serial number had been obliterated, or removed. I also conferred with ATF Special Agent Kurt Wheeler, an expert relating to the manufacture and interstate nexus of firearms. According to SA Wheeler the firearm described above and manufactured by Jennings was manufactured outside the state of Massachusetts.

9. On April 28, 2004, the "CI" involved in this matter again went to 116 Rowland Street, first floor right apartment and conducted a controlled buy[1] of approximately 1/8 of an ounce of powder cocaine. This exchange took place within 1000 feet of the German Gerena Elementary School. A field test of the substance was conducted by DEA SA John Shankweiler, and the substance tested positive for cocaine hydrochloride.

10. Based on the foregoing, I believe that probable cause exists to conclude that Francisco Torres did (1) unlawfully possess a firearm with an obliterated serial number in violation of Title 18, United States Code, Section 922 (k); (2) unlawfully distribute a controlled substance in violation of Title 21, United States Code, Section 841;(3) and, unlawfully distribute a controlled substance within 1000 feet of a school in violation of Title 21, United States Code, Section 860.

---

[1] The procedure for this "controlled buy" was the same as the procedure described in paragraph #7, describing the transaction that occurred between the "CI" and Torres on February 4, 2004.

-6-

_____
James P. Martin
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me this <u>6th</u> day of May 2004.

_____
KENNETH P. NEIMAN
UNITED STATES MAGISTRATE JUDGE