UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 04-30048-MAP |
| ) | |
| FRANCISCO TORRES ) | |

DEFENDANT'S OBJECTIONS TO PRE-SENTENCE REPORT

**Paragraph 24 - Grouping of Offenses**

Defendant's Objection: The defendant objects to the reports decision to deem Count One and Counts Two through Seven as two separate groups.
3.D.1.2. requires all counts involving substantially the same harm be grouped together. Subparagraph (a)-(d) provide criteria for consolidation of counts.
Subparagraph (b) and (d) direct grouping to occur when "counts involve the same victim and two or more counts or transactions are connected by a common criminal objective or constituting a part of a common scheme or plan.

In this case defendant's transaction with the firearm was originally designed as an exchange for drugs. This defendant's core criminal conduct was selling narcotics. The exchange of the firearm for oxycodone, a drug the defendant was unable to obtain, during the discrete time period coerced by the indictment suggests it was appropriate to group Count One with all of the remaining Counts.

The commentary to this section is instructive in this regard. Application note 6 provides in relevant part "drug offense, firearm offenses...where the guidelines in this section are based on quantity or contemplates continuing behavior are to be grouped together. See also <u>Background</u>, third paragraph "...In interpreting this part and resolving ambiguities the Count should look to the underlying policy of this part as stated in the Introductory Commentary. For these reasons stated above all counts of the indictment should be grouped together.

**Paragraphs 37 through 40 Determining The Combined Offense Level**
**Paragraph 40 Total Number of Units   2**

Defendant's Objection:  the defendant objects and believes if all of the counts were

grouped no units would be counted and the combined offense level would be 14.

**Paragraph 43 - Adjustment for Acceptance of Responsibility.**

**Paragraph 44 - Total Offense Level**

Defendant's Objection - Count I through 7 should be grouped Offense level 14 Adjustment for Acceptance should be 2 levels - Total Offense Level 12.

**Paragraph 80 - Custody Statutory Provision**

Defendant's Objection: Defendant believes grouping all counts of conviction should result in a total offense level 12, Criminal History, Category I, resulting in a Guideline range of 10-16 months in Zone C.

The report suggests the so called mandatory minimum provision is absolute. Several courts have considered the same issue and arrived at different interpretations. United States v. Williams, 942 F. 2d 526 (8th cir. 1991) finding court may depart below minimum one year sentence or impose a fine as an alternative. United States v. Fernandez, 749 F. Supp.683 (1990) Affirmed 935 F. 2d 1283 Compare United States v. Smith., S. D.NY. 785 F. Supp 52.

Nothing within the statute specifically forbids a court from imposing an alternative sentence. The statute prohibits a suspension or execution of sentence, probation, and parole. (Parole has been abolished). It does not prohibit the imposition of a term of supervised release or the schedule of alternative punishments as a condition thereof set forth in U.S.S.G. 5C 1.(c)(2) See also U.S.S.G. 5 G1.1.(c).

U.S.S.G. 5C 1.1.(c) sets forth the following: If the applicable guideline range is in zone B of the Sentencing Table the minimum term may be satisfied by: (1) a sentence of imprisonment or (2) a sentence of imprisonment that <u>includes a term of supervised release</u> with a condition that substitutes community confinement or home detention, according to the schedule in sub paragraph (e),i.e. one day of community custody or one day home confinement equals one day of imprisonment.

**Factors that may warrant departure - None**

Defendant's Objection: the defendant believes there are factors warranting a departure that a departure of two levels is warranted resulting in total offense level 10 and Guideline range of 12 months in Zone B.

The basis for a departure include, but are not limited to, U.S.S.G. section 5C 1.1., 4A1.3(b), and 1B1.1. The defendant will file a motion for downward departure on or before setting forth all of the grounds to be relied upon.

THE DEFENDANT

BY: _____
Vincent A. Bongiorni, Esq.
95 State Street, Ste 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant District Attorney, Paul Smyth, Esq., United States District Court, 1550 Main Street, Springfield, MA. 01103 this 7th day of March, 2005.

_____
Vincent A. Bongiorni