UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.                  )
                            )       CRIMINAL NO. 04-30048-MAP
                            )
FRANCISO TORRES,            )
        Defendant           )

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits the following response to the Defendant's Objection to the Defendant's Pre-Sentence Report.

### STATEMENT OF ISSUES

1. Whether a statutorily-mandated sentence of one-year imprisonment may be satisfied by an alternative punishment - which calls for less than one year imprisonment - as set forth in the sentencing guidelines.

2. Whether a sentencing judge, when imposing a statutory-minimum term of imprisonment, has the authority to designate the placement of the sentenced Defendant within the Bureau of Prisons.

### STATEMENT OF THE CASE

On October 12, 2004, a federal grand jury returned a seven-

1

count indictment against Francisco Torres for unlawful possession of a firearm with an obliterated serial number in violation of Title 18, United States Code, Section 922(k) (Count One); unlawful distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) (Counts Two, Three, and Six); and, unlawful distribution of a controlled Substance within 1000 feet of a School in violation of Title 21, United States Code, Section 860 (Counts Four, Five, and Seven).

On November 15, 2004, United States District Judge Michael Ponsor granted the Defendant's Motion for Partial Pre-sentence Report.  On March 7, 2005, the Defendant filed Objections to the Pre-Sentence Report.  On March 29, 2005, during a hearing before this Court, the Defendant, through Attorney Bongiorni, raised the issue as to whether a sentencing judge could make a binding recommendation as to where a defendant serves a term of imprisonment within BOP, when imposing a statutorily-mandated minimum sentence of one-year imprisonment.[1]

## SUMMARY OF ARGUMENT

A statutorily-mandated term of imprisonment can not be circumvented by an alternative sentence as set forth by the sentencing guidelines.  The guidelines adopt - rather than replace - a minimum sentence mandated by statute.

The BOP has discretionary authority, set forth in Title 18,

---

[1] Title 21, United States Code, Section 860 prescribes a minimum sentence of not less than one year.

2

United States Code, Section 3162(b), to designate the place of imprisonment for all prisoners. The BOP's broad discretion is conditioned only by the requirement that the place of imprisonment be a penal or correctional facility, and meet minimum standards of health and habitability.

## ARGUMENT

**1. The Guidelines adopt - rather than replace - a minimum sentence mandated by statute.**

A sentencing judge is bound by a statutorily prescribed minimum-mandatory term of imprisonment unless the government moves, pursuant to 18 U.S.C. §3553(e)[2], to grant a sentencing judge the authority to deviate from the mandatory minimum based on a defendant's substantial assistance to the government. See United States v. Rodriquez, 938 F.2d 319, 322 (1st Cir. 1991) (held that a sentencing court's imposition of a prison term below the minimum mandated by Congress constituted plain error under Fed. R. Crim.P. 52(b)). A statutorily-mandated sentence of one-year imprisonment would not be satisfied by the imposition of an alternative guideline sentence which called for a lesser term of

---

[2] 18 U.S.C. §3553(e) Limited Authority to impose a sentence below a statutory minimum - Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution or another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and police statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

imprisonment, under Sentencing Guideline section 5.C1.1, since a guideline sentence may not be less than a minimum sentence as required by statute.  Id.  See USSG 5G1.1(c)(2).

The Defendant's argument that a mandatory-minimum term of one-year imprisonment as set forth in to Title 21, United States Code, Section 860, may be satisfied by the imposition of a fine is erroneously based on an outdated subsection to Title 21 of the United States Code.  The holding in each case cited by the Defendant in support of this proposition relied upon the language of 21 U.S.C. §845(a) - an earlier version of 21 U.S.C. §860 - which penalized drug offenses committed within 1000 feet of a school.  Significantly, 21 U.S.C. §845(a) allowed for a sentencing judge to impose "a term of imprisonment, *or fine*, *or both*..." (Emphasis added.)  This subsection was amended and recodified at 21 U.S.C. §860.  The punishment now prescribed in Title 21, United States Code, Section 860, explicitly mandates imposition of a minimum one-year term of imprisonment unless the offense involves 5 grams or less of marijuana.[3]

2.  **The Board of Prisons possesses discretionary authority to designate the place of imprisonment for defendants sentenced to a term of prison.**

The decision to place a convicted defendant within a

---

[3] 21 U.S.C. §860 provides, in part: "Except to the extent a greater minimum sentence is otherwise provided by section 841(a) of this title, a person *shall* be sentenced under this subsection to a term of imprisonment of *not less than one year*." (Emphasis added.)

particular treatment program or a particular facility is a decision within the sole discretion of the Bureau of Prisons ("BOP").  United States v. Melendez, 279 F.3d 16, 17 (1st Cir. 2002) cert. denied, 535 U.S. 1120 (2002)citing Thye v. United States, 109 F.3d 127, 130 (2d Cir. 1997).  The BOP has discretionary authority, under 18 U.S.C. §3621(b)[4], to designate any available penal or correctional facility that meets the minimum standards of health and habitability for every prisoner under its care and custody.  See Goldings, 383 F.3d at 25-26 citing United States v. Citron-Fernandez, 356 F.3d 340, 346 (1st Cir. 2004); Santana-Rosa v. United States 335 F.3d 39, 44 (1st Cir. 2003)("The BOP is broadly entrusted with 'management and regulation of all Federal penal and correctional institutions.' It is to provide for "the safekeeping, care and subsistence of

---

[4] 18 U.S.C. §3621(b) **Place of Imprisonment** - The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence -
        (A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
        (B)  recommending a type of penal or correctional facility as appropriate; and
    (5)  any pertinent police statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

all persons charged with or convicted of offenses against the United States..."); Cohen v. United States, 151 F.3d 1338,1343-1344 (11th Cir. 1998) ("the language granting the BOP authority to "designate any available penal or correctional facility ... that the [BOP] determines to be appropriate and suitable," 18 U.S.C. § 3621(b), is indicative of Congress' intent to allow the BOP to rely on its own judgment in classifying prisoners and placing them in institutions."). The BOP also has discretionary authority *to transfer*, at any time, a prisoner from one facility to another pursuant to 18 U.S.C. § 3621(b). Goldings, 383 F.3d at 27-29. Since community correction centers ("CCC") are by definition "correctional facilities," they qualify as places of imprisonment. Id. at 28. Thus, the BOP has the authority to designate a prisoner to a CCC. Id.

A sentencing judge may not substitute the definition of imprisonment as outlined in Sentencing Guideline section 5C1.1, in place of the BOP's definition of imprisonment as described above. For the BOP's definition of imprisonment differs from the options a sentencing judge has pursuant to Guideline section 5C1.1. United States v. Citron-Fernandez, 356 F.3d 340, 347 n.7 & 346 n.6 (1st Cir. 2004)(holding that "in the context of 5C.1.1, the minimum half term of 'imprisonment' cannot be satisfied by home detention or by community confinement"). When the guidelines conflict with the BOP's discretionary authority under

6

18 U.S.C. 3621(b), the guidelines must yield, as the Guidelines are advisory for the courts, not the BOP. Goldings v. Winn, 383 F.3d 17, 28 (1st Cir. 2004) citing United States v. Labonte, 520 U.S. 751, 757 (1997).

A sentencing judge may make a non-binding recommendation to the BOP concerning the determination of the appropriate facility in which a defendant serves his sentence. Melendez, Id.; 18 U.S.C. §3621(b)(4)(B).

## CONCLUSION

A term of imprisonment mandated by statute supersedes a guidelines-calculated sentence that would impose a shorter term of imprisonment as defined by the BOP. While a sentencing judge may recommend a specific facility in which a prisoner is to be placed, the Bureau of Prisons has discretionary authority to designate the placement of all prisoners.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                          By:  /s/ Paul Hart Smyth
                                  _____
                                  Paul Hart Smyth
                                  Assistant U.S. Attorney

CERTIFICATE OF SERVICE

    I, Paul Hart Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via U.S. Mail, to counsel of record, Attorney Vincent Bongiorni, on April 27, 2005.

                                        /s/ Paul Hart Smyth
                                        PAUL HART SMYTH
                                        Assistant U.S. Attorney